IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **PABLO ARRIAGA-ZACARIAS, et al.,** | : | |
| **Plaintiffs,** | : | |
| v. | : | Civil Action No. |
| | : | 7:08-CV-32(HL) |
| **LEWIS TAYLOR FARMS, INC., et al.,** | : | |
| **Defendants.** | : | |

# ORDER

Before the Court is Defendants' Motion to Stay Discovery (Doc. 33) and Plaintiffs' Motion for a Partial Stay of Discovery (Doc. 34). For the following reasons, Defendants' Motion is granted and Plaintiffs' Motion is denied as moot.

**I.   BACKGROUND**

Plaintiffs are Mexican citizens who were employed by Defendants as farm workers during various time periods in 2002, 2003, 2004, 2005, 2006, and 2007. Defendants obtained Plaintiffs' employment under the H2-A visa program, which authorizes the lawful admission of nonimmigrant workers to perform temporary agricultural labor or services. In their Amended Complaint (Doc. 21), Plaintiffs allege in Count One that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiffs the minimum wage, and they allege in Counts Two through Five various claims for breach of employment contract.

On June 16, 2008, Defendants filed a Motion to Dismiss Plaintiffs' Amended

Complaint (Doc. 24). Because of the pending Motion to Dismiss, Defendants request that discovery be stayed as to all claims until the Court rules on their Motion to Dismiss. Plaintiffs agree that some discovery should be stayed but contend that it should be stayed only as to the breach of contract claims in Counts Two through Five; they request that discovery be allowed to proceed on their FLSA claim in Count One.

## II.   DISCUSSION

"Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should...be resolved before discovery begins." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). Such challenges present purely legal questions and can therefore be resolved without the need for discovery, which can spare the court and the litigants the myriad costs of discovery, if the court's ruling results in dismissal. Id. This does not mean that discovery should be stayed as a matter of course whenever a defendant files a motion to dismiss. See Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). The party seeking the stay must prove good cause and reasonableness. McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006). To determine whether a stay is appropriate a district court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate

the need for such discovery." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In making this determination it may be helpful for the court to take a "preliminary peek" at the merits of the dispositive motion to assess the likelihood that such motion will be granted. Id.

In this case, Plaintiffs FLSA claim is based on Defendants' alleged failure to pay Plaintiffs the minimum wage. This alleged failure resulted from both the Defendants' failure to reimburse Plaintiffs for expenses incurred for Defendants' benefit and failure to pay for all hours worked. Defendants have launched a two-pronged attack against this claim. First, Defendants contend that Plaintiffs improperly pled Count One by including in a single count the claims of different Plaintiffs, against different Defendants, for different years. Without addressing the merits of this argument, the Court notes that if the Court did agree with the argument and dismissed Count One on this basis, Plaintiffs would likely just amend their complaint to properly plead a FLSA claim. In that event, the need for discovery would not be eliminated and therefore this is not a proper basis for staying discovery.

Second, Defendants argue that Count One should be dismissed because its allegations are conclusory and implausible. The Court has taken a "preliminary peek" at this argument and the cases supporting it, but at this time the Court is unwilling to address the likelihood that the Court will grant the Motion to Dismiss based on this argument. The Court does note, however, that Defendants' argument is not meritless on its face. Also, the Court notes that the scope of discovery on

Plaintiffs' FLSA claim is very broad.  Plaintiffs allege in their FLSA claim that they were not paid the minimum wage during certain unspecified weeks over the course of several years.  Due to the broad scope of discovery, Defendants will likely be called upon to expend considerable resources to comply with Plaintiffs' discovery requests.  Because there is a potential that this claim could be dismissed and these costs avoided, the Court finds that good cause exists for staying discovery.  This outweighs any potential prejudice that will result from the stay.[1] Defendants' Motion to Stay Discovery is granted and Plaintiffs' Motion for a Partial Stay is denied.

    **SO ORDERED**, this the 10th day of October, 2008

                              **s/Hugh Lawson**
                              **HUGH LAWSON, Judge**

dhc

---

[1] Plaintiffs assert that they need discovery to rebut evidence relied on by Defendants in making their Motion to Dismiss.  At the motion to dismiss stage, however, courts typically do not consider matters outside the pleadings.  Thus, at this time there is no evidence for Plaintiffs to rebut.