IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PABLO ARRIAGA-ZACARIAS, et al., : | |
| Plaintiffs, : | |
| v. : | Civil Action No. |
| : | 7:08-CV-32(HL) |
| LEWIS TAYLOR FARMS, INC., et al., : | |
| Defendants. : | |

# ORDER

Before the Court are Defendants' Motion to Dismiss (Doc. 24) and Plaintiffs' Motion for Conditional Certification of a Collective Action (Doc. 19). For the following reasons, Defendants' Motion is denied and Plaintiffs' Motion is granted. The stay of discovery is lifted.

## I.  BACKGROUND

Plaintiffs are Mexican citizens who were employed by Defendants as farm workers during various time periods in 2002, 2003, 2004, 2005, 2006, and 2007. Defendants obtained Plaintiffs' employment under the H-2A visa program, which authorizes the lawful admission of nonimmigrant workers to perform temporary agricultural labor or services. To obtain the employment of nonimmigrant workers under the H-2A program, employers are required to file with the Department of Labor ("DOL") a temporary labor certification application. 20 C.F.R. § 655.101. The

1

application is required to contain a job offer, also known as a "clearance order," that complies with the requirements of 20 C.F.R. §§ 655.102 and 653.501. Id. In the absence of a separate, written contract, the clearance orders become the contract between the employer and the H-2A workers. 20 C.F.R. § 655.102(b)(14).

In Counts Two through Five of their Amended Complaint (Doc. 21), Plaintiffs allege that in 2002, 2003, 2004, 2005, 2006, and 2007, Defendants breached the terms of the clearance orders they filed with the DOL by failing to pay the federal minimum wage (Count Two), failing to pay the contract wage for all hours worked (Count Three), failing to timely pay inbound travel and subsistence reimbursement at the 50% point of the contract (Count Four), and failing to pay for Plaintiffs' return travel and subsistence costs (Count Five). In Count One, Plaintiffs allege that in 2005, 2006, and 2007, Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay the minimum wage. Plaintiffs have brought these claims against Lewis Taylor Farms, Inc., Quality Produce, L.L.C., Spring Hill Produce, Inc., Spring Hill Produce, L.L.C., and William L. Brim, the Chief Executive Officer of Lewis Taylor Farms.

On May 23, 2008, Plaintiffs filed a Motion to Conditionally Certify a Collective Action for their FLSA claim. Subsequently, Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint and a Motion to Stay Discovery (Doc. 33). On October 10, 2008, the Court entered an Order (Doc. 60) staying discovery pending resolution of the Motion to Dismiss.

**II.   DISCUSSION**

Because Defendants seek dismissal of Plaintiffs' FLSA claim, this Court will first address the Motion to Dismiss before determining whether to conditionally certify a collective action under the FLSA.

**A.  MOTION TO DISMISS**

**1.  Count One**

In Section IV of their Motion to Dismiss, Defendants seek dismissal of Count One, Plaintiffs' FLSA claim. Their reasons for seeking dismissal of this Count are not entirely clear. It appears to the Court that Defendants seek dismissal for two reasons: first, Plaintiffs have improperly pled their Complaint by including multiple claims in a single count; and second, the allegations do not satisfy the pleading standard established by <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007). The Court will address each of these arguments in turn.

First, Defendants argue that Count One improperly includes in a single count the claims of multiple Plaintiffs, for multiple years, against multiple Defendants. Though Defendants have not styled it as such, this argument is essentially a request for a more definite statement. A motion for a more definite statement should only be granted if the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A complaint is not vague or ambiguous just because a single count contains multiple claims founded on a separate

transaction or occurrence. See Fed. R. Civ. P. 10(b). A complaint must only state such claims in separate counts "if doing so would promote clarity." Id.

In this case, Defendants can reasonably prepare a response to Count One. The factual basis for each Plaintiffs' claim is clear. Rather than promoting clarity, requiring that Plaintiffs include a separate count for each Plaintiff, for each year, against each Defendant would lead to a voluminous complaint that would contain several hundred counts. This result would conflict with the requirement that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Defendants' request for a more definite statement is therefore denied.

Next, Defendants contend that the allegations in Count One fail to meet the pleading standard established by the Supreme Court in Twombly.[1] In Twombly the Supreme Court held that a complaint must contain enough factual allegations to raise a right to relief above the speculative level. Twombly, 127 S. Ct. at 1965. "The standard is one of 'plausible grounds to infer.'" Watts v. Fla. Intern. Univ., 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting Twombly, 127 S.Ct. at 1965). This standard "'does not impose a probability requirement at the pleading stage,' but instead

---

[1] Although Defendants did not cite the Twombly decision in their initial brief, the language they used in making this argument was borrowed from that decision. Also, in their Reply, Defendants quote a case that quotes Twombly. Thus, this Court has determined that Defendants are relying on Twombly in arguing that the allegations in Count One are "speculative and implausible."

'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 1295-96 (quoting Twombly, 127 S. Ct. at 1965).

Here, Plaintiffs have adequately alleged violations of the FLSA's minimum wage provision. For the first week of each growing season, Plaintiffs allege that their earnings were below the minimum wage because Defendants failed to reimburse Plaintiffs for expenses they incurred for the benefit or convenience of Defendants. (Am. Compl. ¶ 155.) In paragraphs 127 though 142, Plaintiffs provide a detailed list of the expenses they were not reimbursed. (Id. ¶¶ 127-142.) Plaintiffs allege that subtracting these expenses from the wages they actually received for the first week of each growing season causes their first weeks' earnings to be negative, bringing their average hourly earnings for those pay periods below the minimum wage. (Id. ¶ 155.)[2] These allegations are sufficient to state a minimum wage violation for the first week of each growing season.

For other pay periods, Plaintiffs allege that they were not paid the minimum wage because they were not paid for all hours worked. (Id. ¶ 156.) As Defendants correctly note, no minimum wage violation occurs "'so long as the total weekly wage

---

[2]Under the FLSA, an employer is required to reimburse an employee for expenses incurred primarily for the benefit of the employer if failing to do so would result in the employee earning less than the minimum wage for the week in which the expenses arose. See 29 U.S.C. § 206(a)(1); 29 C.F.R. §§ 531.35, 776.4; Arriaga v. Fla. Pacific Farms, L.L.C., 305 F.3d 1228, 1235, 1237 (11th Cir. 2002).

paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement.'" Hensley v. MacMillian Bloedel Containers, Inc., 786 F.2d 353, 357 (8th Cir. 1986) (quoting United States v. Klinghoffer Bros. Realty Corp., 285 F.2d 487, 490 (2d Cir. 1960)). In other words, an employer's failure to compensate an employee for each hour of work does not necessarily violate the minimum wage provision; a minimum wage violation occurs only when the total compensation received in a particular week is less than the minimum wage multiplied by the hours actually worked. Based on Plaintiffs' hourly rate of pay, which was several dollars above the minimum wage, Defendants contend that Plaintiffs would have to prove that they were shorted more than twenty-five hours in a given week to establish a minimum wage claim. Defendants assert that it is implausible that Plaintiffs would have been shorted so many hours.

In making this argument, Defendants have misconstrued the Twombly decision. It is well-established that at the motion to dismiss stage, courts are required to accept the factual allegations in a complaint as true. See Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Twombly did not abolish this rule and confer on district judges the authority to dismiss claims based on the improbability of the facts alleged. See Twombly, 127 S. Ct. at 1965 (stating that Rule 12(b)(6) does not permit dismissal of a complaint simply because "it strikes a

savvy judge that actual proof of those facts is improbable"). Nor did Twombly abolish the notice pleading standard of the Federal Rules. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). To state a claim for relief under the Federal Rules, a complaint need only contain enough factual allegations that, taken as true, raise a right to relief above the speculative level. Twombly, 127 S. Ct. at 1965. The allegations of minimum wage violations for the other pay periods satisfy this standard.[3] Defendants' Motion to Dismiss Count One is denied.

### 2. Counts Two through Five

Defendants seek dismissal of Plaintiffs' contract claims for four reasons. First, Defendants contend that the contract claims for the years 2002 through 2005 are barred by the applicable statute of limitations. Second, they contend that the Court should decline to exercise supplemental jurisdiction over the contract claims. Third, they argue that the Court should dismiss all contract claims against Defendant Brim and the contract claims against Defendant Lewis Taylor Farms for the years 2002, 2005, 2006, and 2007, on the ground that Brim and Lewis Taylor Farms were not parties to the contracts at issue. Last, they contend that Plaintiffs improperly pled their contract claims by including multiple claims in a single count and failing to meet the Twombly pleading standard.

---

[3] It is worth noting that in an unreported decision, the Eleventh Circuit recently held that allegations less specific than the ones in this case were sufficient to state a claim for an FLSA minimum wage violation. See Sec'y of Labor v. Labbe, No. 08-12120, 2008 WL 4787133 (11th Cir. Nov. 4, 2008) (per curiam).

### a. Statute of limitations

Defendants assert that Plaintiffs' contract claims for the years 2002 through 2005 are barred by the two-year statute of limitations that applies to "all actions for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime." O.C.G.A. § 9-3-22. Plaintiffs contend, however, that their claims are governed by the six-year statute of limitations that applies to "all actions upon simple contracts in writing." O.C.G.A. § 9-3-24. The determination of which limitations period applies to these claims turns on whether the claims accrue under laws respecting the payment of wages, or whether they are based on the breach of a written contract.

The contracts at issue in this case are the clearance orders that Defendants filed with the DOL. (Am. Compl. ¶ 53.) The clearance orders constituted valid contracts between Plaintiffs and Defendants. 20 C.F.R. § 655.102(b)(14); see Arriaga, 305 F.3d at 1233 n.5, 1246 & n.27 (11th Cir. 2002); Escolastico De Leon-Granados v. Eller and Sons Trees, Inc., 452 F. Supp. 2d 1282, 1284 (N.D. Ga. 2006); Morales-Arcadio v. Shannon Produce Farms, Inc., No. 6:05CV062, 2006 WL 140590 (S.D. Ga. Jan. 12, 2006). Under the plain terms of O.C.G.A. § 9-3-24, Plaintiffs claims for the alleged breach of these contracts are governed by the six-year statute of limitations.

Despite the clear terms of the statute, Defendants maintain that Plaintiffs breach of contract claims are actually claims that accrue under laws respecting the

8

payment of wages because the terms of the contracts are dictated by federal law. In support of their position, Defendants rely primarily on the Georgia Supreme Court's decision in City of Atlanta v. Adams, 256 Ga. 620, 351 S.E.2d 444 (1987). Defendants have misinterpreted that decision.

In Adams firefighters for the City of Atlanta brought suit for back wages. The wages they sought were for work they performed in a higher classified position. Because of a court order, they were restricted from being promoted and thus they received the salary of the lower classification. Id. at 620, 351 S.E.2d at 445. At issue in the case was which statute of limitations applied: the six-year limitations period for contract claims or the two-year period applicable to claims accruing under laws respecting the payment of wages. Id. The Georgia Court of Appeals held that the six-year period applied, but the Georgia Supreme Court reversed. Id. In reversing the court of appeals's decision, the court noted that Georgia law provided that a public employee "'can not claim extra compensation for the performance of additional work within the line of his official duties, unless additional compensation...is provided by competent authority.'" Id. (quoting Twiggs v. Wingfield, 147 Ga. 790, 95 S.E. 711 (1918)). In the case before it, the only reason that the firefighters were entitled to extra compensation for the additional work they performed was because the City of Atlanta had an ordinance that allowed it. Id. Thus, despite the fact that there was a contractual relationship between the city as an employer and the firefighters as employees, the Georgia Supreme Court held that

9

the two-year statute of limitations period governed because the basis for recovery was the ordinance itself. Id., 351 S.E.2d at 446.

Contrary to Defendants' argument, the court in Adams did not hold that a breach of contract claim accrues under a law respecting the payment of wages whenever the terms of the contract are required by law. The court simply held that the two-year limitations period governed because the basis for recovery was an ordinance, not an express term of an employment contract. In this regard, the Adams case is distinguishable because the grounds for recovery in this case are the clearance orders, which serve as the employment contracts. Plaintiffs breach of contract claims are not morphed into claims accruing under laws respecting the payment of wages just because the terms of the clearance orders are dictated by federal law. Based on the clear terms of O.C.G.A. § 9-3-24, as applied to the facts of this case, this Court holds that Plaintiffs' contract claims are governed by a six-year limitations period. As a result, Defendants' Motion to Dismiss on this basis is denied.

### b. Supplemental jurisdiction

Next, Defendants contend that the Court should not exercise jurisdiction over the breach of contract claims.

When a district court has original jurisdiction over a civil action, it can exercise "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or

10

controversy." 28 U.S.C. § 1367(a). Claims form part of the same "case or controversy" if they arise out of a common nucleus of operative facts. <u>Lucero v. Trosch</u>, 121 F.3d 591, 597 (11th Cir. 1997). A district court has the discretion to decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In this case, the Court has supplemental jurisdiction over Plaintiffs state law breach of contract claims because they arise out of the same common nucleus of operative facts as Plaintiffs' FLSA claim. Defendants argue, however, that this Court should exercise its discretion to decline jurisdiction because the contract claims raise novel or complex issues of state law, and the claims substantially predominate over the FLSA claim. This Court disagrees and concludes that neither of those factors is present in this case. To the extent that those factors do exist, this Court finds that their existence does not support declining jurisdiction.

### c. Parties to the alleged contracts

Defendants move to dismiss all contracts claims against Defendant Brim and the contract claims against Defendant Lewis Taylor Farms for the years 2002, 2005, 2006, and 2007. According to Defendants, Plaintiffs can pursue breach of contract claims only against the business entity that was listed as the employer on the clearance orders. Thus, they argue that because Defendant Brim was not listed as an employer on any of the clearance orders and Lewis Taylor Farms was not listed as an employer for the years 2002, 2005, 2006, and 2007, these claims must be dismissed.

The contracts in this case do not include a section that defines the term employer. Instead, the contracts adopt the definitions section of the H-2A regulations. (Am. Compl. ¶ 57.) The regulations define an employer as:

> [A] person, firm, corporation or other association or organization which suffers or permits a person to work and (1) which has a location within the United States to which U.S. workers may be referred for employment, and which proposes to employ workers at a place within the United States and (2) which has an employer relationship with respect to employees under this subpart as indicated by the fact that it may hire, pay, fire, supervise or otherwise control the work of any such employee.

20 C.F.R. § 655.100(b). For each contract, there are allegations in the Amended Complaint that Brim and Lewis Taylor Farms meet this definition of employer.

Accepting these allegations as true, Brim and Lewis Taylor Farms were contract employers for each contract at issue. Defendants' Motion to Dismiss on this ground is denied.

### d. Improper Complaint

Defendants move to dismiss Plaintiffs' breach of contract claims on the same grounds that they moved to dismiss Plaintiffs' FLSA claim. According to Defendants, Plaintiffs improperly pled their contract claims by including multiple claims in a single count. Defendants also contend that the allegations for the contract claims do not meet the Twombly pleading standard.

As the Court noted in its discussion of Count One, Defendants' argument concerning the propriety of including multiple claims in a single count is in effect a request for a more definite statement, and a motion for a more definite statement should only be granted if the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). For the same reasons that the Court denied Plaintiffs' request for a more definite statement for Count One, Plaintiffs' request for a more definite statement for Counts Two through Five is denied.

Last, Defendants argue that the allegations in Counts Two through Five are conclusory and therefore do not meet the Twombly pleading standard. This Court disagrees. To state a claim, Twombly requires only that the complaint contain allegations that are sufficient to raise a right to relief above the speculative level.

13

Twombly, 127 S. Ct. at 1965. The allegations in Counts Two through Five meet this standard. As a result, Defendants' Motion to Dismiss on this ground is denied.

For these reasons, Defendants' Motion to Dismiss is denied. Having concluded that Count One, the FLSA claim, should not be dismissed, the Court will now address Plaintiffs' Motion for Conditional Certification of a Collective Action.

### B. Motion for Conditional Certification

Plaintiffs request that the Court conditionally certify a collective action that includes all H-2A workers who worked for Defendants in 2005, 2006, and 2007. Plaintiffs also move the Court to (1) approve for distribution the proposed notice attached as Exhibit O to their Reply,[4] (2) direct Defendants to produce the full names and last known permanent addresses of workers employed under the terms of H-2A job orders in 2005, 2006, and 2007, (3) grant Plaintiffs' counsel five months subsequent to Defendants' production of potential class members' names and addresses to distribute the court-approved notice to potential opt-in Plaintiffs, and (4) order Defendants to post, for the same five month period, a copy of the collective action notice in each trailer and barrack used to house workers currently working at Defendants' farming operations.

The FLSA's collective action provision allows employees to bring claims on

---

[4]Exhibit O is a revised proposed notice. Plaintiffs initially requested that the Court approve the proposed notice attached as Exhibit A to their Motion for Conditional Certification. Based on certain objections raised by Defendants in their Response, Plaintiffs revised the notice.

behalf of themselves and other employees who are similarly situated. 29 U.S.C. § 216(b). Unlike a traditional Rule 23 class action, in which persons within the class definition must affirmatively opt-out of the class to avoid being bound by the judgment, similarly situated employees who want to become parties to an FLSA collective action are required to opt-in by filing written consent with the court. 29 U.S.C. § 216(b); Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1216 (11th Cir. 2001).

The decision whether to certify a collective action is within the discretion of the district court. Anderson v. Cagle's Inc., 488 F.3d 945, 951 (11th Cir. 2007). In deciding whether to certify a collective action, the Eleventh Circuit has suggested that district courts employ a two-tiered approach. See Hipp, 252 F.3d at 1219. The Eleventh Circuit in Hipp described this approach:

> "The first determination is made at the so-called 'notice stage.' At the notice stage, the district court makes a decision–usually based only on the pleadings and any affidavits which have been submitted–whether notice of the action should be given to potential members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class. If the district court 'conditionally certifies' the class, putative class members are given notice and the

opportunity to 'opt-in.' The action proceeds as a representative action throughout discovery.

The second determination is typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives–i.e. the original plaintiffs–proceed to trial on their individual claims."

Id. at 1218 (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

This case is currently at the notice stage as Plaintiffs have moved to conditionally certify a collective action before discovery has taken place. To obtain conditional certification at this stage, Plaintiffs must demonstrate two elements: first, that other employees of Defendants wish to opt-in; and second, that those employees are "similarly situated." Dybach v. Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991).

First, Plaintiffs are required to demonstrate that other employees desire to opt-

in. Id. This showing is typically made by affidavits of other employees who wish to opt-in, consent to sue forms filed by other employees, and expert evidence about the existence of other similarly situated employees. Davis v. Charoen Pokphand (USA), Inc., 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004).

Here, in addition to the twelve original Plaintiffs, eight employees have filed consent to sue forms. (Docs. 16, 17, 32, 36.) Also, Ricardo Dominguez-Perez, an opt-in Plaintiff, has submitted an affidavit, in which he alleges the same FLSA violations as the other Plaintiffs and expresses his desire to opt in to this action. (Dominguez-Perez Aff. ¶¶ 17-19.) Thus, the Court finds that Plaintiffs have demonstrated that other employees desire to opt in.

The second element requires that Plaintiffs establish that they are similarly situated to the proposed class members. To carry their burden on this element, the showing that Plaintiffs are required to make is two-fold. First, they must show that their positions are similar to the positions held by putative class members. Hipp, 252 F.3d at 1217; Grayson v. K-Mart Corp., 79 F.3d 1086, 1095 (11th Cir. 1996). Second, they must demonstrate a reasonable basis for their claim of classwide FLSA violations. Hipp, 252 F.3d at 1219.

In this case, Plaintiffs have made the necessary showing on this element. Plaintiffs have demonstrated that their positions are similar to the positions held by potential class members. Plaintiffs and proposed class members were employed under the same H-2A job orders, had the same pay provisions, had virtually identical

job titles and tasks, and allegedly suffered the same FLSA violations. Plaintiffs have also established a reasonable basis for their claim that the alleged FLSA violations were classwide. Three Plaintiffs and one opt-in Plaintiff have submitted affidavits containing allegations that they and other employees were not reimbursed for their immigration and travel expenses and were not paid for all hours worked. (Arriaga-Zacarias Aff.; Perez-Delgado Aff.; Cano-Aquino Aff.; Dominquez-Perez Aff.) As a result, Plaintiffs have demonstrated that they are similarly situated to the proposed class members.

Because Plaintiffs have established that other employees desire to opt in and that they are similarly situated to the proposed class members, Plaintiffs' Motion for Conditional Certification is granted.[5] The Court approves for distribution the proposed notice attached as Exhibit O to Plaintiffs' Reply (Doc. 39). Defendants shall have two weeks from the entry of this Order to produce the full names and permanent addresses of all workers whom Defendants employed under the terms of an H-2A job order in 2005, 2006, and 2007. Plaintiffs' Counsel shall have five (5) months from the entry of this Order to distribute the approved notice and file opt-in Plaintiffs' consent

---

[5]Defendants object to the temporal scope of the proposed class, contending that a three-year class period would be inappropriate. The FLSA has a two-year statute of limitations, which is enlarged to three years if the employer's conduct was willful. 29 U.S.C. § 255(a). At this early stage, before discovery has taken place, it would be inappropriate for the Court to determine whether Defendants' conduct was willful. The Amended Complaint and Affidavits contain allegations that, if proven, would support a finding of willfulness. Thus, this Court concludes that it is appropriate to conditionally certify the three-year proposed class. Defendants' statute of limitations argument would be more appropriately raised in a motion for decertification at the close of discovery.

to sue forms.  Last, Defendants shall post the approved notice at each trailer and barrack used to house farm workers currently working at Defendants' farming operations.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied and the stay of discovery is lifted.  Plaintiffs' Motion for Conditional Certification is granted, and the Court approves for distribution the revised proposed notice attached as Exhibit O to Plaintiffs' Reply.  Defendants shall have two weeks from the entry of this Order to produce the full names and permanent addresses of all workers whom Defendants employed under the terms of an H-2A job order in 2005, 2006, and 2007.  Plaintiffs' Counsel shall have five (5) months from the entry of this Order to distribute the approved notice and file opt-in Plaintiffs' consent to sue forms.  Last, Defendants shall post the approved notice at each trailer and barrack used to house farm workers currently working at Defendants' farming operations.

**SO ORDERED**, this the 4th day of December, 2008

                                             *s/  Hugh Lawson*
                                             **HUGH LAWSON, Judge**

dhc