IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PABLO ARRIAGA-ZACARIAS, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 7:08-CV-32(HL) |
| LEWIS TAYLOR FARMS, INC., et al., | |
| Defendants. | |

# ORDER

This matter is before the Court on Defendants' Motion for Reconsideration (Doc. 70) of the Court's December 4, 2008, Order (Doc. 63) denying Defendants' Motion to Dismiss (Doc. 24) and granting Plaintiffs' Motion for Conditional Certification of a Collective Action (Doc. 19). For the following reasons, Defendants' Motion for Reconsideration is denied and the stay of discovery is lifted.

## I. BACKGROUND

Plaintiffs are Mexican citizens who were employed by Defendants as farm workers during various time periods in 2002, 2003, 2004, 2005, 2006, and 2007. Defendants obtained Plaintiffs' employment under the H-2A visa program, which authorizes the lawful admission of nonimmigrant workers to perform temporary agricultural labor or services. To obtain the employment of nonimmigrant workers under the H-2A program, employers are required to file with the Department of Labor

1

("DOL") a temporary labor certification application. 20 C.F.R. § 655.101. The application is required to contain a job offer, also known as a "clearance order," that complies with the requirements of 20 C.F.R. §§ 655.102 and 653.501. Id. In the absence of a separate written contract, the clearance orders become the contract between the employer and the H-2A workers. 20 C.F.R. § 655.102(b)(14).

In Counts Two through Five of their Amended Complaint (Doc. 21), Plaintiffs allege that in 2002, 2003, 2004, 2005, 2006, and 2007, Defendants breached the terms of the clearance orders they filed with the DOL by failing to pay the federal minimum wage (Count Two), failing to pay the contract wage for all hours worked (Count Three), failing to timely pay inbound travel and subsistence reimbursement at the 50% point of the contract (Count Four), and failing to pay for Plaintiffs' return travel and subsistence costs (Count Five).

In Count One, Plaintiffs allege that in 2005, 2006, and 2007, Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay the minimum wage. For the first week of each growing season, Plaintiffs allege that their earnings were below the minimum wage because Defendants failed to reimburse Plaintiffs for expenses they incurred for the benefit or convenience of Defendants. (Am. Compl. ¶ 155.) This claim is based on an Eleventh Circuit decision interpreting the FLSA's regulations. In that decision, the Eleventh Circuit held that an employer is required to reimburse an employee for expenses incurred primarily for the benefit of the employer if failing to do so would result in the employee earning less than the

minimum wage for the week in which the expenses arose.  See Arriaga v. Fla. Pacific Farms, L.L.C., 305 F.3d 1228, 1235, 1237 (11th Cir. 2002); see also 29 U.S.C. § 206(a)(1); 29 C.F.R. § § 531.35, 776.4.  In paragraphs 127 though 142, Plaintiffs provide a detailed list of the expenses that were not reimbursed.  (Id. ¶¶ 127-142.)  Plaintiffs allege that subtracting these expenses from the wages they actually received for the first week of each growing season causes their first weeks' earnings to be negative, bringing their average hourly earnings for those pay periods below the minimum wage.  (Id. ¶ 155.)  For other pay periods, Plaintiffs allege that they were not paid the minimum wage because they were not paid for all hours worked.  (Id. ¶ 156.)

On May 23, 2008, Plaintiffs filed a Motion to Conditionally Certify a Collective Action for their FLSA claim.  Subsequently, Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint.  On December 4, 2008, this Court entered an Order denying Defendants' Motion to Dismiss and granting Plaintiffs' Motion to Conditionally Certify a Collective Action.  In that Order, the Court also approved for distribution the revised proposed notice attached as Exhibit O to Plaintiffs' Reply; ordered that Defendants produce to Plaintiffs within two weeks of the entry of the Order the full names and permanent address of all workers whom Defendants employed under the terms of an H-2A job order in 2005, 2006, and 2007; allowed Plaintiffs' counsel five (5) months from the entry of the Order to distribute the approved notice and file opt-in Plaintiffs' consent to sue forms; and ordered that

Defendants post the approved notice at each trailer and barrack used to house farm workers currently working at Defendants' farming operations.

On January 7, 2009, Defendants filed the Motion for Reconsideration that is presently before the Court. In their Motion, Defendants contend that reconsideration of the denial of their Motion to Dismiss is required by a recent DOL interpretation that determined that Arriaga was wrongly decided, and that the FLSA's regulations do not require reimbursement of relocation costs under the H-2 program. See 73 Fed. Reg. 77148-77151, 77239 (Dec. 18, 2008). Because of this new DOL interpretation, Defendants argue that they are entitled to dismissal of Count One to the extent it is based on Defendants' failure to reimburse the Plaintiffs for their relocation costs. Also, Defendants request reconsideration of the denial of their Motion to Dismiss Count One to the extent Count One is based on a failure to pay Plaintiffs for all hours worked. Defendants argue that Count One does not contain enough factual allegations to state a claim that Defendants violated the FLSA by not paying Plaintiffs for all hours worked. Last, if their Motion for Reconsideration is denied, Defendants request that a third party administrator be appointed to distribute the proposed notice of the collective action.

On March 17, 2009, the DOL proposed to suspend the new H-2A regulations on which Defendants rely. See 74 Fed. Reg. 11408-11409 (Mar. 17, 2009). On March 26, 2009, the DOL published a Notice titled "Withdrawal of Interpretation of the Fair Labor Standards Act Concerning Relocation Expenses Incurred by H-2A and

4

H-2B Workers." See 74 Fed. Reg. 13261 (Mar. 26, 2009).  The Notice expressly provides:

> DOL withdraws for further consideration an interpretation of the Fair Labor Standards Act (FLSA) published on December 18 and 19, 2008. The interpretation...articulated an opinion that the FLSA and its implementing regulations do not require employers to reimburse workers under the H-2A and H-2B nonimmigrant visa programs, respectively, for relocations expenses even when such costs result in the workers being paid less than the minimum wage.  <u>This interpretation is hereby withdrawn for further consideration by the Department and may not be relied upon as a statement of agency policy</u>.

Id. (emphasis added).

## II.   DISCUSSION

Defendants' Motion for Reconsideration on Plaintiffs' expense reimbursement claim in Count One is based on an intervening DOL interpretation that has since been withdrawn.  As a result, Defendants' Motion for Reconsideration of this claim is denied.  This Court is aware that the interpretation has simply been withdrawn for "further consideration," but this Court is unwilling to allow this case to remain idle indefinitely while the DOL decides whether to adopt the withdrawn interpretation. The Arriaga decision is controlling authority on Plaintiffs' expense reimbursement

claim, and because the DOL has withdrawn its interpretation, there is simply no basis for reconsideration of the Court's decision to sustain the expense reimbursement claim.

Also, Defendants' Motion for Reconsideration of Plaintiffs' FLSA claim that is based on allegations they were shorted hours is denied. The Court held in its December 4th Order that the allegations in support of this claim are sufficient to meet the Federal Rules' liberal notice pleading standard. The Court has found no basis for it to reverse this ruling.

Finally, Defendants' request for a third party administrator to distribute the Court approved notice is denied. Defendants' request is based on the conclusory allegations of a single worker that employees from Georgia Legal Services promised money and jobs to workers, showed checks to the workers, and "pressured" workers to join the collective action. Plaintiffs' counsel deny in their Response (Doc. 72) the allegations contained in the worker's Declaration. They contend that any checks shown to the workers were the checks that Defendants contend were issued to Plaintiffs as reimbursement for their transportation expenses, and thus, the checks were shown to the workers as part of counsel's investigation of the case. The Court has no reason to doubt this assertion, or the assertions of Plaintiffs' counsel that they have never promised money or jobs to workers or pressured them to join the lawsuit. Defendants' request for a third party administrator is denied.

**III.   CONCLUSION**

For the foregoing reasons, Defendants' Motion for Reconsideration is denied. The stay of discovery occasioned by Defendants' Motion is lifted. Defendants shall have three (3) days from the entry of this Order to produce the names and addresses of workers whom Defendants employed under the terms of an H-2A job order in 2005, 2006, and 2007. Plaintiffs' counsel shall have until August 31, 2009, to distribute the approved notice and file opt-in Plaintiffs' consent to sue forms. Defendants shall post the approved notice at each trailer and barrack used to house farm workers currently working at Defendants' farming operations.

**SO ORDERED**, this the 31st day of March, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc