# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

PABLO-ARRIAGA-ZACARIAS, et al., :
:
    Plaintiffs, :
:
v. :    Civil Action No.
:    7:08-CV-32 (HL)
LEWIS TAYLOR FARMS, INC., et al., :
:
    Defendants. :
_____ :

# ORDER

Before the Court is the parties' Joint Motion for Approval of FLSA Portion of Settlement ("Joint Motion") (Doc. 154).

## I.    BACKGROUND

Plaintiffs brought this action alleging violations of the Fair Labor Standards Act ("FLSA") and Georgia contract law. On December 4, 2008, the Court conditionally certified a collective action that included all H-2A workers for Defendants in 2005, 2006, and 2007 (Doc. 63). The parties have now agreed to settle the claims. Their Joint Motion requests the Court to find that their FLSA settlement is a fair and reasonable resolution of a bona fide dispute and to approve the settlement (Doc. 154).

The terms of the FLSA settlement included in the Joint Motion are: (1) the parties jointly stipulate to a judgment of dismissal with prejudice as to the claims of all Plaintiffs; (2) the Defendants do not admit to liability; (3) the Defendants will pay

Plaintiffs $25,316.69 in settlement of the FLSA claims; (4) the Defendants will use their best efforts in 2010 and 2011 to produce compliant H-2A job orders and the Defendants will place any Plaintiff's name on a petition submitted for H-2A workers; (5) the Plaintiffs will return to Defendants all databases and copies within 30 days of the Court's approval of the settlement agreement and they will destroy all documents and work product in two years; and (6) the Plaintiffs' counsel do not request attorneys' fees. The parties request the Court to maintain jurisdiction over this case to enforce the terms of the settlement agreement.

## II. ANALYSIS

In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir.1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." Id. at 1353.

As an initial matter, the Court is unclear as to whether the parties wish to maintain the collective action for purposes of settlement. Accordingly, the parties are directed to file, in writing, on or before February 12, 2010, their position on whether the collective action certification should continue through settlement.

In addition, the Court requires more information from the parties in order to carry out its duty to examine the FLSA agreement for fairness. Accordingly, the Court directs the parties to file a copy of the entire FLSA portion of the settlement

agreement. To the extent that the proposed FLSA settlement agreement does not address the following concerns, the parties are also directed to explain to the Court:

> (1) the value of each Plaintiff's FLSA claim
> (2) how the FLSA settlement award will be allocated to each Plaintiff
> (3) that attorneys' fees are not sought by either party
> (4) whether costs will be awarded to either party
> (5) whether Plaintiffs' have received notice of the proposed settlement agreement and if so, what the contents of the notice were

Finally, the parties in their Joint Motion ask the Court to retain jurisdiction for two years to enforce the $25,316.69 FLSA payment obligation "as well as all other payment obligations specified in the separate [s]ettlement [a]greement." The Court cannot review the request to enforce "all other payment obligations" unless it has the terms of the payment obligations before it. The parties are directed to file by February 12, 2010 the portions of the settlement agreement setting forth those terms.

After the Court receives this additional information from the parties, it will review the FLSA settlement agreement for fairness. The Court may hold a telephone conference or a hearing with the parties as part of the review process, but reserves ruling on whether either is necessary until the parties comply with this Order.

**SO ORDERED**, this the 5th day of February, 2010.

            *s/ Hugh Lawson*
            **HUGH LAWSON, SENIOR JUDGE**